# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1642V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
TONYA HOOD,                           *       Special Master Oler
                                      *
                                      *       Filed: June 26, 2018
                   Petitioner,        *
         v.                           *       Court of Federal Claims Rule 25;
                                      *       Death of Petitioner; Decision
SECRETARY OF HEALTH                   *       Dismissing Case.
AND HUMAN SERVICES,                   *
                                      *
                   Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark Theodore Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Robert Paul Coleman, III*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DENYING COMPENSATION[1]

On October 31, 2017, Tonya Hood filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed multifocal acquired demyelinating sensory and motor neuropathy as a result of, or significantly aggravated by an influenza vaccination that she received on November 7, 2014. Petition ("Pet."), ECF No. 1. Mrs. Hood's petition must be dismissed due to the lack of a proper plaintiff to maintain the action.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

## I.    Procedural History

Mrs. Hood filed her petition on October 31, 2017.  Pet.  She filed medical records, and then a statement of completion on December 28, 2017.  ECF No. 11.  This case was initially assigned to Special Master Roth (ECF No. 4), and was reassigned to me on January 11, 2018 (ECF No. 13).

On January 24, 2018, Mr. Sadaka filed Mrs. Hood's death certificate.  Exhibit 6.  He also indicated in a status report that he was working with Mrs. Hood's surviving husband, Mr. James Hood, on this case.  ECF No. 15.  On February 26, 2018, Mr. Sadaka filed a status report stating that Mr. Hood was "considering whether to continue prosecuting this case on behalf of Mrs. Hood."  ECF No. 18 at 1.  On March 30, 2018, Mr. Sadaka notified me that Mr. Hood decided to withdraw his wife's case.  ECF No. 20.  Counsel filed a motion for a decision dismissing the case on April 20, 2018, stating: "Mr. Hood, as next of kin, has made the decision to not continue this case. As a result, Mr. Hood makes this application for a dismissal decision."  ECF No. 21 at 1.  On April 24, 2018, I ordered Mr. Sadaka to file documentation confirming that Mr. Hood was appointed Administrator of the Estate of Tonya Hood.  ECF No. 22.  Counsel instead requested a status conference (ECF No. 24), and informed me of Mr. Hood's unwillingness to be appointed as the Administrator.[3]

I held a status conference on June 21, 2018.  Mr. Sadaka appeared on behalf of Mrs. Hood.  Mr. Coleman appeared on behalf of Respondent.  During the status conference, the parties discussed dismissal of this case.  I informed parties that under the circumstances of this case, the Rules of the United States Court of Federal Claims ("RCFC") Rule 25 requires the claim to be dismissed.  The parties had no objection to this proposed course of action.  Mr. Sadaka filed a motion for attorney's fees and costs on June 21, 2018.  ECF No. 25.

## II.    Legal Standard

The Vaccine Rules do not address the consequences of the death of a petitioner.  Thus, in absence of any specific direction, the RCFC are consulted.  *See* Vaccine Rule 1(c).  Rule 25 of the RCFC states:

> If a party dies and the claim is not extinguished, the court may order
> substitution of the proper party. A motion for substitution may be
> made by any party or by the decedent's successor or representative.

---

[3] Mr. Sadaka explained his request for a status conference via email sent to my law clerk, copying Respondent's counsel.

> If the motion is not made within 90 days after service of a statement noting the death, the action by the decedent *must* be dismissed.

RCFC Rule 25(a)(1) (emphasis added).

## III. Discussion

Mr. Sadaka filed Mrs. Hood's death certificate on January 24, 2018, which triggered the time allotted by RCFC Rule 25 for a motion for substitution to be filed.[4] A motion for substitution was not filed within 90 days of the filing of Mrs. Hood's death certificate. Thus, pursuant to Rule 25, Mrs. Hood's petition must be dismissed due to the lack of a proper plaintiff to maintain the action.[6]

## IV. Conclusion

For the foregoing reason, this case is **dismissed**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Such motion was to be filed by April 24, 2018, which is 90 days after notice of Mrs. Hood's death. *See* Exhibit 6.

[6] This decision is in accord with Mr. Hood's wishes that the claim be dismissed.